**Affirmed as Modified and Opinion Filed January 30, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01284-CR
No. 05-15-01285-CR

**LATOYA DENISE MCMULLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-24837-U, F14-24545-U**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

Latoya Denise McMullen appeals her convictions for repeated violation of a protective order and stalking. The trial court assessed punishment, following the adjudication of her guilt, at imprisonment for five years in each case. On appeal, appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of her right to file a pro se response, but she did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the trial court's judgments adjudicating guilt incorrectly reflect there were plea bargain agreements and that appellant pleaded true to the allegations in each of the motions to adjudicate. The record shows appellant entered a plea of not true to the allegations in the motions to adjudicate and there were no plea agreements as to punishment. Accordingly, on our own motion, we modify the section of the judgments entitled "terms of plea bargain" to state "N/A," and the section entitled "plea to motion to adjudicate" to state "not true." *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments adjudicating guilt.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
151284F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LATOYA DENISE MCMULLEN,
Appellant

No. 05-15-01284-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-24837-U.
Opinion delivered by Justice Francis.
Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "N/A."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered January 30, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LATOYA DENISE MCMULLEN,
Appellant

No. 05-15-01285-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-24545-U.
Opinion delivered by Justice Francis.
Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "N/A."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.


Judgment entered January 30, 2017.